IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN AT MADISON

| | |
|---|---|
| KRISTOPHER C. ROSCHE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TRUEACCORD CORP., )<br>)<br>Defendant. ) | Case No. 3:20-cv-00178-slc |

**DEFENDANT'S RESPONSE**
**TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

Defendant, TrueAccord Corp. ("TrueAccord"), by and through its attorneys, Messer Strickler, Ltd., and for its Response to Plaintiff, Kristopher C. Rosche ("Plaintiff")'s, Motion for Attorney's Fees, and in support of which states the following:

**INTRODUCTION**

On April 6, 2020, TrueAccord offered judgment to Plaintiff in the amount of $1,500 plus a reasonable sum for attorney's fees.[1] On April 20, 2020, Plaintiff accepted TrueAccord's offer of judgment,[2] but not before his counsel ("Mr. Davidson") drafted a Rule 26(f) Report for a conference that was never held (indeed, TrueAccord has not even filed an answer in this case) and not before propounding "Early Discovery Requests" an hour prior to accepting the offer of judgment.[3]

TrueAccord intends to honor its offer of judgment and pay a sum of reasonable attorney's fees to Plaintiff. However, Plaintiff and Mr. Davidson should not be permitted to recover for documents that never became operational and were prepared several stages of litigation in advance. In addition, Mr. Davidson should not be permitted to recover for initiating these fee petition proceedings after refusing to counter a

---

[1] *See*, Dkt. # 7-1.
[2] *See*, Dkt. # 7.
[3] *See*, Dkt. # 8-2 at p. 3.

reasonable, good faith offer from TrueAccord. Moreover, Mr. Davidson's hourly rate of $425 does not represent the average going rate for an attorney of his experience. Instead, Mr. Davidson is asking this Court to order TrueAccord to pay top dollar not only for the work involved in his client accepting TrueAccord's offer of judgment, but for work that was either utterly devoid of consequence or necessitated only by Mr. Davidson's unwillingness to negotiate the amount of fees.

## ARGUMENT

**A.     The hours spent on preparing a 26(f) report, "Early Discovery Requests", the Complaint, and the Motion for Attorney's Fees are not reasonable.**

TrueAccord should not be required to pay for documents that were prepared prematurely. TrueAccord had not yet filed an answer at the time Plaintiff or Mr. Davidson began preparing the 26(f) report. Furthermore, Mr. Davidson prepared and propounded "Early Discovery Requests" despite having no knowledge of what allegations, if any, TrueAccord intended to admit or deny, nor if TrueAccord planned to assert any affirmative defenses. No conduct on the part of TrueAccord caused Plaintiff to prepare these documents. Plaintiff and Mr. Davidson alone possessed the knowledge of these documents' eventual obsolescence, and nonetheless, prepared them anyway.

In addition, Mr. Davidson purports to have spent no less than five hours preparing the Complaint and researching rudimentary concepts such as automatic stays in bankruptcy. Leaving aside that such time entries obviously contradict Mr. Davidson's portrayal of himself as an accomplish consumer lawyer warranting $425 an hour, spending five hours on the Complaint in this case pushes the boundaries of belief. The Complaint in this case is for run-of-the-mill violations of the FDCPA; everything within it is stock-in-trade for consumer lawyers. It closely resembles the numerous other complaints filed by Mr. Davidson's firm that TrueAccord is either currently, or recently in the past, defended itself against.

Finally, Mr. Davidson should not be awarded most – if not all – of the time spent preparing his motion for attorney's fees. Put plainly, the same arguments TrueAccord presents to the Court now were set forth with

specificity in an email to Mr. Davidson. A true and correct copy of that email exchange is attached hereto and made a part hereof as <u>Exhibit A</u>. Much less than countering TrueAccord's opening offer, Mr. Davidson outright refused to negotiate with TrueAccord, instead opting to rack up additional fees and forcing TrueAccord to incur additional costs. Mr. Davidson wants this Court to believe that so long as TrueAccord does <u>anything but</u> immediately cave to the first number he demands in fees, then he is entitled to be compensated at $425 an hour for his trouble. This Court should not reward that point of view.

This Court has adopted TrueAccord's position in the past.[4] In *Centurytel*, the Court cut a plaintiff's fee petition by substantial amounts, refusing to award fees for documents prepared by plaintiff's counsel that were never actually essential to the litigation, including alternative motions that could be filed in the event a prior motion was denied, discovery documents not yet propounded, and a 26(f) report never submitted.[5] In that case, the Court reduced the amount of time spent on such documents by 75%.[6]

This position has been reiterated in other orders from this Court.[7] For instance, in *Lands' End*, the defendant objected to the bill submitted with plaintiff's fee petition, claiming that it was not reasonable for plaintiff's attorneys to spend 76 hours on a routine motion, briefs and supporting documents.[8] The Court wrote, "I agree with defendant that...it is not reasonable to foist this entire bill onto defendant and its attorneys", while also noting, "I acknowledge that the luxury of a hindsight review of finished briefs might cause a reviewer to underestimate the effort necessary to complete the task..[a]ll this being so, 76 hours is too much time reasonably to shift[.]"[9]

TrueAccord is asking the Court to adhere to its prior position and cut the amount of time claimed by Plaintiff's attorney. At a minimum, TrueAccord would ask the Court to strike the entries for the 26(f) report,

---

[4] *Centurytel of Fairwater-Brandon-Alto, LLC, v. Charter Fiberlink, LLC*, 2009 WL 959553.
[5] *Id.* at ¶ 6.
[6] *Id.* at ¶ 8.
[7] *Lands' End, Inc. v. Trilogy Software, Inc.*, 2006 WL 6105627 (2006).
[8] *Id.* at ¶ 11.
[9] *Ibid.*

the "Early Discovery Requests", and the numerous emails sent in connection to those two documents. In addition, TrueAccord would ask this Court to look at the complaint filed by Plaintiff with a critical eye and determine five hours to be excessive for the relatively low level of sophistication required for its preparation. Finally, if the Court agrees with TrueAccord that it was unreasonable for Mr. Davidson to deliberately truncate fee negotiations and instead force the parties into these proceedings, then TrueAccord asks that the Court cut the hours Mr. Davidson claims for his motion.

**B.    Plaintiff's Attorney's Hourly Rate is Unreasonable**

Mr. Davidson portrays his supposed $425 hourly rate as typical for attorneys with his experience and in his geographic location. In support of this assertion, he attaches a compendium of market research as Exhibit C to Plaintiff's motion.[10] It is worthy of noting that the specific report relied upon by Mr. Davidson is not as universally heralded as he represents, with some court's calling into question its methodology. The remainder of this Response will assume *arguendo* the data set is valid, and will nonetheless demonstrate Mr. Davidson's misapprehension, or misrepresentation, of that report's implications.

First and foremost, Mr. Davidson graduated law school and was admitted to practice law in 2010. This fact is corroborated by the biography posted to his firm's website and by the ARDC.[11] This means that Mr. Davidson has been a practicing attorney for 10 years. Without explanation, he has categorized himself as having "11 to 15 years of experience."[12] This is inaccurate and will remain so until May next year.

Second, Mr. Davidson cites to "average hourly rate" as the basis for determining what hourly rate he is entitled to.[13] This is a misuse the data contained in Exhibit C. The arithmetic measure of central tendency, cited by Mr. Davidson, is almost <u>never used</u> in data sets where other independent variables – such as years of

---

[10] Dkt. # 8-4, generally.
[11] See, https://www.atlasconsumerlaw.com/attorney-profiles/joseph-s-davidson/, accessed May 7, 2020; https://www.iardc.org/ldetail.asp?id=323489696, accessed May 7, 2020.
[12] Dkt. # 8-1 at p. 5.
[13] *Ibid.*

experience and location – have a high probability of skewing the mean and creating asymmetric distributions – such is the case with salaries or billing rates.[14] The statistic cited by Mr. Davidson is only useful as a descriptor of the specific data set used by Consumer Law Survey in preparing its report, but not for the purpose of inferring the billing rates for attorneys not included in the report, such as Mr. Davidson. For such endeavors, the median hourly billing rate is far superior, a fact widely agreed upon by statisticians.

Turning to the data contained in Exhibit C, the report begins with a summary reading, "[d]isregarding all other factors, including geographical location,…[t]he median attorney hourly rate is $325 nationally which is down slightly from the last Survey Report[.]"[15] A chart contained on the very same page indicates that Mr. Davidson's hourly billing rate of $425 would put him in the top 20% of all hourly billing rates across all levels of experience, nationwide.[16]

Digging even deeper into Mr. Davidson's own Exhibit only further reveals how out of the ordinary his supposed $425/hr billing rate is. While the report states the national median hourly rate for an attorney practicing in a metropolitan area is $350, for an attorney practicing outside of a metropolitan area, such as Mr. Davidson, the report indicates the national median hourly rate is $300.[17] Furthermore, the national median hourly rate for an attorney with 6-10 years of experience trended downward from $320 in 2016 to $300 in 2017.[18]

Even an examination of the data pertaining only to Illinois attorneys does not get near Mr. Davidson's claimed $425 hourly rate. The median hourly rate for all Illinois attorneys practicing consumer law is $375.[19]

---

[14] *See*, https://statisticsbyjim.com/basics/measures-central-tendency-mean-median-mode/, last accessed May 8, 2020.
[15] Dkt. # 8-4 at p. 46.
[16] *Ibid.*
[17] *Id.* at p. 56.
[18] *Id.* at p. 58.
[19] *Id.* at p. 104.

The median hourly rate for all Illinois attorneys practicing consumer law outside a metropolitan area is $350.[20] All Illinois consumer lawyers with 6-10 years of experience yield a median hourly rate of $359.[21]

A final look at the most granular data is available does not help Mr. Davidson, either. Mr. Davidson practices in Lombard, Illinois. Out of the localities available in Consumer Law Survey (Chicago, Rockford, Springfield, or St. Louis East), Mr. Davidson's practice is nearest Chicago. The median hourly rate for a consumer law attorney with 6-10 years of experience in the Chicago area is $350.[22] Given the tendency in other data sets for billing rates outside of city centers to be slightly lower than those inside the city, we could infer that the median billing rate in Lombard, Illinois to be just below that found in Chicago.[23]

A reasonable assessment of all the market research contained in the report Mr. Davidson, himself, is urging this Court to utilize supports an hourly rate of somewhere in between $300 and $350. This assessment is based on Mr. Davidson's experience, education, and location of his practice. In addition, this assessment has been reached by a more thorough review of the research than that presented by Mr. Davidson, coupled with a proper understanding and use of the statistics contained therein.

## CONCLUSION

Defendant, TrueAccord Corp., requests this Honorable Court reduce both the number of claimed hours and hourly rate submitted by Plaintiff, on behalf of his counsel, Mr. Davidson, and for any such further and additional relief deemed just and proper.

---

[20] *Ibid.*
[21] *Id.* at p. 105.
[22] *Id.* at p. 300.
[23] *See,* fn 16, *supra*; fn 18, *supra*; fn 19, *supra*.

Respectfully submitted,

TRUEACCORD CORP.

By: /s/ Nicole M. Strickler
Nicole M. Strickler
Messer Strickler, Ltd.
225 W. Washington Street, Suite 575
Chicago, IL 60606
(312) 334-3474
(312) 334-3473 (fax)
Nstrickler@messerstrickler.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that as of the date stated below a true and accurate copy of the above was served on counsel for Plaintiff via email and regular mail, U.S. postage prepaid, and addressed to:

Joseph S. Davidson, Attorney
ATLAS CONSUMER LAW,
A DIVISION OF SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
D: +1 630-581-5450
F: +1 630-575-8188
jdavidson@sulaimanlaw.com

Dated: 5/26/20                                                                                   By: /s/ Nicole M. Strickler