IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KRISTOPHER C. ROSCHE,

                Plaintiff,

v.

TRUEACCORD CORP.,

                Defendant.

OPINION and ORDER

20-cv-178-jdp

---

This is a Fair Debt Collection Practices Act case that has been resolved on the merits; the matter of fees and costs are now before the court.

Plaintiff Kristopher C. Rosche alleged that defendant TrueAccord Corp. illegally attempted to collect a debt after Rosche filed for bankruptcy. Rosche has accepted a $1,500 offer of judgment from TrueAccord. Rosche seeks $7,621.25 in attorney fees for 18 hours of work and $485 in costs pursuant to 15 U.S.C. § 1692k and 11 U.S.C. § 362(k). Dkt. 8 and 10, at 1. TrueAccord does not oppose the costs, so the court will grant that aspect of Rosche's motion as unopposed.

The parties agree that fee-shifting is warranted. But TrueAccord challenges the amount of Rosche's requested attorney fees on the grounds that both the hourly rate and the amount of time spent on the case were unreasonable. The court will grant the fee petition in part. The court will reduce the requested hourly rate from $425 to $325, but the 18 hours spent on the case was reasonable. The court will award $5,850 in fees and $485 in costs.

ANALYSIS

The parties agree that Rosche is entitled to reasonable fees under both the FDCPA and the Bankruptcy Code. The court uses the lodestar method to determine reasonable attorney fees, multiplying the attorney's reasonable hourly rate by the number of hours reasonably expended. *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011). TrueAccord challenges the reasonableness of the rate and the hours billed by Rosche's counsel, Joseph S. Davidson.

**A. Reasonable rate**

Davidson asks the court to approve a rate of $425 per hour. The most persuasive evidence of reasonableness is the hourly rate that clients actually pay, both to the counsel in that case and to comparable lawyers in the relevant market. *Broome v. Kohn Law Firm, S.C.*, No. 18-cv-860, 2019 WL 1595864, at *2 (W.D. Wis. Apr. 15, 2019); *Moffat v. Acad. Of Geriatric Physical Therapy*, No. 15-cv-626, 2017 WL 4217174, at *5 (W.D. Wis. Sept. 20, 2017). The court will consider whether Davidson has provided either type of evidence to support his rate.

**1. Rate paid by Davidson's clients**

Davidson cites two pieces of evidence to show that he charges his clients $425 an hour: (1) the fee agreement he has with Rosche; and (2) an award he received in another case. Neither is persuasive evidence of the market rate for Rosche's work.

Davidson's fee agreement with Rosche states that "[o]ur current hourly rat[e] [is] $425 an hour for attorneys." Dkt. 8-3. But the agreement makes it clear that Rosche wouldn't pay that rate if he lost the case. *Id.* ("You will pay us no legal fees or costs if there is no recovery in your matter unless you refuse to cooperate in the prosecution of your case."). Contingency fee agreements aren't useful in determining a lawyer's actual billing rate because the client doesn't

2

pay that rate. *See Schwoegler v. Reviver Fin. L.L.C.*, No. 18-cv-287, 2019 WL 6840741, at *2 (W.D. Wis. Dec. 16, 2019). Davidson hasn't cited evidence that any of his clients have paid him $425 an hour.

Davidson also says that the court in *In re Daniel Valdez*, 20-1251 (Bankr. N.D. Ill. May 27, 2020), recently approved his request for a $425 hourly rate. But the order he cites did not conduct an analysis on the reasonableness of Davidson's rate or even mention what Davidson's rate was. So that order isn't persuasive either.

### 2. Rate paid to comparable lawyers in the relevant market

In the absence of actual billing rates, the next best evidence is what comparable lawyers in the relevant market are paid. *See Pickett*, 664 F.3d at 640. "Preferably, this is third-party evidence of the hourly rates charged by attorneys of similar experience doing similar work." *Mowery v. Metro. Life Ins. Co.*, No. 16-cv-516-jdp, 2017 WL 3575857, at *2 (W.D. Wis. Aug. 18, 2017).

Davidson didn't submit declarations from other lawyers who practice consumer law. Instead, he cites the U.S. Consumer Law Fee Survey for 2017–18, which states that the average hourly rate for a consumer lawyer with 11 to 15 years of experience is $422. Dkt. 8-4, at 105. This court hasn't relied on the survey in the past, noting that many courts in this circuit have questioned the survey's reliability. *See, e.g.*, *Humphrey v. Navient Sols., Inc.*, No. 16-cv-370-jdp, 2020 WL 4047955, at *5 (W.D. Wis. July 20, 2020). But TrueAccord doesn't object to the survey, so the court will consider it as one factor.

TrueAccord contends that Davidson is citing the wrong figures from the survey. It says that Davidson is a Chicago-area consumer lawyer with six to ten years of experience, so the corresponding rate from the survey is $350, not $422. *See* Dkt. 8-4, at 300. And because

3

Davidson is located in the Chicago suburbs, TrueAccord says that it is reasonable to infer that the appropriate rate should be "just below that found in Chicago." Dkt. 9, at 6. Davidson doesn't dispute TrueAccord's interpretation of the survey in his reply brief.

A rate of $350 an hour is on the high side of rates approved by other courts for consumer law attorneys with comparable experience. For example, in *Humphrey*, this court approved a $300 hourly rate for a Madison consumer lawyer with 11 years of experience. 2020 WL 4047955, at *4. In *Spuhler v. State Collection Servs., Inc.*, the court approved the same rate for a Milwaukee consumer lawyer with 13 years of experience. No. 16-cv-1149, 2019 WL 2183803, at *3 (E.D. Wis. May 21, 2019) (approving rate of $300 per hour for a consumer lawyer with 13 years of experience). But TrueAccord acknowledges that rates for lawyers in the Chicago suburbs may be slightly higher than rates for lawyers in Wisconsin. So the court will approve a $325 hourly rate.

**B. Reasonable hours**

Rosche seeks fees for 18 hours of work that Davidson spent preparing the FDCPA claims against TrueAccord, including 5.5 hours to draft the motion for attorney fees. TrueAccord challenges the reasonableness of the time that Davidson spent on a Rule 26(f) report, some early requests for production, the complaint, and the fee petition. The court will consider each objection in turn.

### 1. Time spent drafting the Rule 26(f) report and early discovery requests

TrueAccord contends that it was unreasonable for Davidson to prepare a Rule 26(f) report (1.2 hours) and draft requests for production (2.1 hours) before TrueAccord filed its answer. But TrueAccord cites no authority for the view that a plaintiff must wait for the defendant to file its answer before preparing his case. The parties had scheduled a Rule 26(f)

conference at the time that Davidson prepared his report, Dkt. 10-1, so the court concludes that he acted reasonably. TrueAccord doesn't object to the amount of time Davidson spent on the report, which the court finds to be reasonable.

As for the requests for production, TrueAccord contends that it was unreasonable to prepare those before Rosche received TrueAccord's answer because the answer would identify the issues that were in dispute. TrueAccord doesn't identify what documents Rosche was requesting. Instead, it suggests a categorical rule that all discovery requests prepared before an answer are unreasonable. But, as Davidson points out, that view is inconsistent with Rule 26(d)(2)(B), which allows parties to serve early requests for production 21 days after service of the complaint, and Davidson's time records show that more than 21 days had passed before he drafted the requests. Allowing early service of requests for production "facilitate[s] focused discussion during the Rule 26(f) conference. Discussion at the conference may produce changes in the requests." Fed. R. Civ. P. 26, 2015 Advisory Committee Notes.

The court finds that it was reasonable for Davidson to prepare the discovery requests when he did. TrueAccord identifies no reason why Davidson should have believed at the time that the discovery requests were a wasted effort. So the court declines to subtract the time that Davidson spent preparing the requests for production.

### 2. Time spent drafting the complaint

TrueAccord contends that it was unreasonable for Davidson to spend five hours drafting the complaint. It says that Rosche's claims are for "run-of-the-mill violations" of the FDCPA and that the complaint "closely resembles . . . numerous other complaints" filed against TrueAccord." Dkt. 9, at 2.

TrueAccord doesn't provide any evidence that Rosche's complaint was simply a cut-and-paste job, so the court has no basis to reduce Davidson's hours on that ground. As for the complexity of the complaint, it is 13-pages long and includes 59 paragraphs. Rosche asserted multiple claims under the FDCPA, as well as a claim for a violation of automatic stay provision in the Bankruptcy Code. The complaint includes numerous allegations about the factual basis of Rosche's claims. Under these circumstances, the time Davidson spent on the complaint "isn't obviously unreasonable," and TrueAccord "doesn't support its view that the time is excessive, so the court declines to impose the requested deduction." *Humphrey*, 2020 WL 4047955, at *6. *See also Bauer Mechanical, Inc. v. Joint Arbitration Bd. of Plumbing Contractors' Ass'n and Chicago Journeymen Plumbers' Local Union 130, U.A.*, 562 F.3d 784, 793 (7th Cir. 2009) (declining to reduce fees based on "vague assertions of excessiveness").

### 3. Time spent drafting the fee petition

TrueAccord contends that Rosche "should not be awarded most—if not all—of the time spent preparing his motion for attorney fees" because Davidson refused to negotiate with TrueAccord before filing the fee petition. Settlement negotiations over attorney fees are strongly encouraged. But negotiation is not strictly required, unless the court orders otherwise. And in this case, TrueAccord identifies no reason to believe that negotiations would have been productive. TrueAccord's offer was $2,000, only a fraction of what Rosche was requesting. If TrueAccord's objections had been well-founded, Rosche could be faulted for failing to negotiate with TrueAccord, and the court would be inclined to find that the time spent on an unsuccessful fee petition was unreasonable. But the court has rejected most of TrueAccord's objections, so the negotiations would have accomplished little while accumulating yet more fees. The court concludes that the time spent preparing the fee petition was reasonable.

ORDER

IT IS ORDERED that Kristopher C. Roche's motion for attorney fees is GRANTED in part and DENIED in part. Rosche is awarded $5,850 in attorney fees and $485 in costs.

Entered October 15, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge